# EXHIBIT C

Exhibit C

Received and E-Filed for Record
7/22/2019 4:54 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Beth Rogers

CAUSE NO: <u>19-07-09963</u>

| | | |
|---|---|---|
| REXIE PEREZ AND BESY PEREZ, PLAINTIFFS | § § § § | IN THE DISTRICT COURT OF |
| | | **Montgomery County - DC - County Court at Law #2** |
| VS. | § § | MONTGOMERY COUNTY, TEXAS |
| ALLSTATE INDEMNITY COMPANY DEFENDANT | § § | _____JUDICIAL DISTRICT |

## <u>PLAINTIFFS' ORIGINAL PETITION WITH WRITTEN DISCOVERY</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** REXIE PEREZ AND BESY PEREZ, hereinafter called Plaintiffs, complaining of and about ALLSTATE INDEMNDITY COMPANY, hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      REXIE PEREZ AND BESY PEREZ, Plaintiffs affirmatively plead that they seek only monetary relief no more than $75,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiffs are individuals that own real property in New Caney, Montgomery County, Texas.

3.      Defendant, ALLSTATE INDEMNITY COMPANY is an insurance company engaging in the business of insurance in the State of Texas.  This Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action because Plaintiffs seek damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another Court.

5.      This Court has jurisdiction over Defendant because this Defendant is an insurance company that engages in the business of insurance in Texas, and Plaintiffs cause of action arose out of this Defendant's business activities in Texas.

.      6.      Venue in Montgomery County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to this lawsuit occurred in Montgomery County, Texas. Furthermore, venue is proper in Montgomery County, Texas because the insured property is in this county.

## FACTS

7.      Plaintiffs are the owners of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which as issued by Defendant.

8.      Defendant sold and issued Plaintiffs the Policy insuring the property against damages caused by hail, windstorm and other covered perils.

9.      During the effective policy period, Plaintiffs owned real property with improvements located at 24030 Carpenter Bee Drive, New Caney, Texas 77357, located in Montgomery County, Texas (hereinafter referred to as "the Property").

10.      During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind and hail.  As a result, the inside of the Property sustained resulting water damage from storm created openings in the roof.

11.     Plaintiff duly notified Defendant of the damage sustained and asked that Defendant pay for the damages to the Property and other damages covered by the terms of the Policy.

12.     Defendant then assigned Plaintiff Claim No. 0472941848 (hereinafter "the Claim") and assigned an adjuster, agent, representative of Defendant to perform a site inspection of the damages and evaluate and process the Claim.

13.     Defendant improperly adjusted Plaintiffs' claim and failed to conduct a reasonable and thorough investigation of the covered damages. Without limitation the report misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' home, as well as the amount of insurance coverage for Plaintiffs' losses under the Policy.  Defendant made these and other false representations to Plaintiffs, either knowingly or recklessly.  Defendant made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs relied on their misrepresentations, including but not limited to, those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' home. Plaintiffs have been damages as a result of that reliance.

14. The inspection of Plaintiffs' Property on October 24, 2017 was brief, substandard and inadequate. The inspection report failed to include all the damages that were observed during the inspection and undervalued the damages and ultimately denied/underpaid the Claim.  Despite the existence of obvious and easily identifiable damages, the report claimed there were minimal storm related damages and the condition of the roof was misrepresented as well as the cause of water intrusion and interior damages.  Defendant's liability for the extension of further coverage and further payment was reasonably clear.

15. Plaintiffs were entitled to receive benefits that were covered by the insurance policy. However, Defendant performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs losses on the Property. Defendant has delayed payment to Plaintiffs for necessary and covered Property damages under the Policy.  To date, Defendant has yet to make a full payment on the Claim.

16.     Plaintiffs were forced to hire their own representative to inspect and evaluate the obvious damages to the Property that Defendant deliberately ignored to avoid payment on the Claim. Additionally, as a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain an attorney to prosecute the claim for insurance benefits to which they are entitled.

17. Plaintiffs' experience is not an isolated case. The wrongful acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regards to handling these types of claims.  Defendant's entire claim process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

18.     As set forth below, Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiffs' Claim by:

    a.    Wrongfully denying Plaintiffs' Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiffs are claiming;

    b.    Underpaying some of Plaintiffs Claim by not providing full coverage for damages sustained to the Property;

    c.    Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

    d.    Continuing to delay in the payment of damages to the Property, including the roof and interior.

19.     Additionally, Defendant breached its contractual obligation to Plaintiffs by continuing to refuse to adequately compensate Plaintiffs for the damage to the Property pursuant to the terms of the Policy.  Notably, Defendant refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in the amount sufficient to cover the damage to the Property was made.

20.     Plaintiffs complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

21.     Defendant continues to delay in the payment of the damages to the Property despite Plaintiffs' request.  Accordingly, Plaintiffs have not been paid and/or paid in full for the damages to the Property.

22.     As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain legal counsel to represent Plaintiffs with respect to these causes of action.

**CAUSES OF ACTION**

23.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

**<u>BREACH OF CONTRACT</u>**

24.     Defendant had a contract of insurance with Plaintiffs.  Defendant breached the terms of that contract by wrongfully denying and/or underpaying the Claim and Plaintiffs were damaged thereby.

25.     Due to Defendant's breach of the contract terms and continual denial/underpayment of this Claim, Plaintiffs continue to sustain damages to their Property.

26.     Defendant's breach proximately caused Plaintiff's injuries and damages.

27.     Plaintiffs have been required by the actions of Defendant to retain the services of undersigned counsel and have agreed to pay undersigned counsel reasonable attorney's fees.

### <u>UNFAIR SETTLEMENT PRACTICES or DECEPTIVE ACTS OR PRACTICES</u>

28.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

29.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

30.     Defendant is liable for its unfair and deceptive acts as defined by TEX. INS. CODE §541.002.

31.     Defendant violated TEX. INS. CODE §541.060(a) by engaging in unfair settlement practices during the handling of the claim.   All of Defendant's violations are actionable pursuant to TEX. INS. CODE §541.151.

32.     Defendant engaged in the following unfair settlement practices:

    a.     Pursuant to TEX. INS. CODE §541.060(a)(1), misrepresenting to Plaintiffs material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

    b.     Pursuant to TEX. INS. CODE §541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear.   Specifically, Defendant failed to make an attempt to settle the Claim fairly despite the fact that Defendant was aware of its liability to Plaintiffs under the Policy.

    c.     Pursuant to TEX. INS. CODE §541.060(a)(1), failing to promptly provide Plaintiffs with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for defendant's denial of the Claim or offer of a compromise settlement of the Claim.   Specifically, Defendant failed to offer Plaintiffs adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

     d.     Pursuant to TEX. INS. CODE §541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs or to submit a reservation of rights. Specifically, Plaintiffs did not receive a timely, written indication of acceptance or rejection regarding the entire claim.

     e.     Pursuant to TEX. INS. CODE §541.060(a)(7), refusing to pay Plaintiffs' Claim without conducting a *reasonable* investigation with respect to the Claim. Defendant's outcome-oriented investigation of the Claim resulted in unfair evaluation of the Damage to Plaintiff's Property.

33.     Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

34.     Specifically, Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:

     1.     Defendant represented that the agreement confers or involves rights remedies, or obligations which it does not have, or involve, or which are prohibited by law.

     2.     Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed.

     3.     Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by §17.50(a)(1)(3) of the DTPA, in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

35.     Defendant knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damage pursuant to the DTPA and TEX. INS. CODE §541.152(a)-(b).

## MISREPESENTATION OF INSURANCE POLICY VIOLATIONS

36.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

37.     Additionally, Defendant made misrepresentations about Plaintiffs' insurance Policy and Claim in violation of TEX. INS. CODE §541.061. All of Defendant's violations are actionable pursuant to TEX. INS. CODE §541.151.

38.     Defendant engaged in deceptive insurance practices by making an untrue statement of material fact in violation of §541.061(1). Specifically, Defendant misrepresented the true scope and amount of the Claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the Policy.

39.     Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATION

40.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

41.     Plaintiffs' Claim is a claim under the insurance Policy issued by Defendant, of which Plaintiffs gave Defendant proper notice.  As set forth more fully below, Defendant's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE §542.060.

42.     Specifically, Defendant violated the Prompt Payment of claims provisions of TEX. INS. CODE §542 by:

>    a.     Failing to acknowledge receipt of Plaintiffs' Claim, commence investigation of the Claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, which

constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055;

b.    Failing to notify Plaintiffs in writing of its acceptance or rejection of the full and entire Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and

c.    Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. Defendant delayed full payment of the Claim and, to date, Plaintiffs still have not receive full payment on the Claim.

## **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH**

43.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

44.    Since Plaintiffs initially presented the Claim to Defendant, the liability of Defendant to pay the full Claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiffs home was not apparent until after the loss made the basis of Plaintiffs' insurance Claim. It is no coincidence that there was no apparent windstorm, rain, and/or hail damage prior to the loss, and significant damage just after. The wind damage to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages. Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear wind damage. Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind damages to the property.

45.    As a result of Defendant's outcome-oriented investigation, Defendant continues to refuse to pay Plaintiffs in full for the Claim.

46.     Defendant denied coverage and delayed payment for the full amount of Plaintiffs' claim when it had no reasonable basis for doing so. Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, constitutes a breach of the duty of good faith and fair dealing.

47.     The Texas Supreme Court has recognized a "duty on the part of insurers to deal fairly and in good faith with their insureds. That duty emanates not from the terms of the insurance contract, but from an obligation imposed in law 'as a result of a special relationship between the parties governed or created by a contract.'" *Viles v. Security Nat. Ins. Co.,* 788 S.W. 2d 566, 567 (Tex. 1990) (*citing Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W. 2d 165 (Tex. 1987)).   Therefore, insured can institute a cause of action against insurers for breach of the duty of good faith and fair dealing.

48.     Defendant and Plaintiffs are in a special relationship, created by the insurance contract, giving rise to a duty on the part of Defendant to deal fairly and, in good faith with Plaintiffs, who are the insured.

49.     Defendant breached its duty of good faith and fair dealing by:

    a.    Failing to provide a reasonable basis for denial or underpayment of the Claim; and /or,

    b.    Failing to determine whether there was a reasonable basis for denial or delay of the Claim.

*Arnold*, 725 S.W. 2d at 167.

50.     Defendant systematically and routinely denies or underpays valid claims to the detriment of its policyholders. As set forth above, the wrongful acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they

constitute a general business practice of Defendant with regard to handling of these types of claims.

51.     By virtue of its systematic wrongful denials, Defendant compels its policyholders to seek legal representation and initiate and maintain a suit to recover an amount due under the policy by offering nothing or substantially less than the amount that will be recovered by a suit brought by the insured.

52.     Defendant failed to adopt or implement reasonable standards for prompt investigation of claims arising under its policies or is deliberately adopting standards calculated to maximize its profit to the detriment of its policyholders.  Defendant is knowingly directing its personnel, agents and/or adjusters to undervalue or underpay valid claims.

53.     Defendant knowingly committed the act of denying and/or underpaying claims without a reasonable basis, therefore, Plaintiffs are entitled to actual and exemplary damages at law.

## KNOWLEDGE

54.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

55.     Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## ECONOMIC / ACTUAL DAMAGES

56.     Plaintiffs sustained the following economic / actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

(a)    Out-of-pocket expenses;

(b)    Loss of the "benefit of the bargain."

(c)    Diminished or reduced market value.

(d)    Costs of repairs.

(e)    Remedial costs and/or costs of completion.

(f)    Reasonable and necessary engineering or consulting fees.

**DAMGES**

57.    Plaintiffs would show that all the aforementioned causes of action, taken together and singularly, establish the producing causes of the damages sustained by Plaintiffs.

58.    Plaintiffs' damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiffs. Upon trial of this case, it will be shown that these damages are a direct result of Defendant's improperly handling of the Claim in violation if the laws set forth above.

59.    For the breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

60.    As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiffs are entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendant's knowing conduct in violating these laws, Plaintiffs respectfully request treble damages pursuant to TEX. INS. CODE §541.152.

61.    Pursuant to TEX. INS. CODE §542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provision, Plaintiffs are entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and

reasonable and necessary attorneys' fees.

62. For the breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach, exemplary damages and damages for emotional distress.

63. As a result of the necessity in engaging the service of an attorney to prosecute this Claim, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

64. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are seeking only monetary relief of $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

## RESERVATION OF APPRAISAL RIGHTS

65. By filing this lawsuit herein, Plaintiffs do not waive, and expressly reserve their right under the policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claims Plaintiffs assert in this lawsuit.

## ARRIFRMATIVE DEFENSES

66. *Waiver.* Defendant has waived certain policy conditions, duties imposed on the plaintiff, and terms of coverage of the insurance policy at issue.

67. *Contra Proferuntum.* Defendant's contract is unilateral and in the event of ambiguity must be held against the drafter.

## JURY DEMAND

68.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury, and hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

69. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs requests that Defendant disclose the information or material described in Rule 194.2, within 50 days of service of these requests.

70. In addition to the content subject to disclosure under Rule 194.2, Plaintiffs request disclosure of all documents, electronic information, and tangible items that the Defendant has in its possession, custody, or control and may use to support Defendant's claims or defenses.

71. Defendant is also requested to respond to the attached interrogatories and requests for production within fifty (50) days, in accordance with the instructions stated therein.

## NOTICE OF AUTHENTICATION

72. You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon trial hereof, final judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3)  Treble damages;

4)  Exemplary and punitive damages;

5)  Prejudgment interest as provided by law;

6)  Post-judgment interest as provided by law;

7)  Attorneys' fees;

8)  Costs of this suit; and

9)  Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

PERRY & SHIELDS LLP
2900 NORTH LOOP W., SUITE 850
HOUSTON, TX 77092
Tel: (713) 955-3102
Fax: (281) 715-3209

By:_____
    Eddie Lane
    State Bar No. 24067719
    E-Service: elane@perryshields.com
              opresas@perryshields.com

    Attorneys for Plaintiffs

## INSTRUCTIONS

A. These discovery request call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and them.

B. Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above to Perry & Shields, LLP, 2900 North Loop West, Suite 850, Houston, Texas 77092.

C. If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D. If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion. **Interrogatories must be answered under oath and supported by an affidavit.**

F. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

1. You know the response made was incorrect or incomplete when made or
2. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances.

## DEFINITIONS

A. **"Defendant," "ALLSTATE INDEMNITY COMPANY," "You," "Your(s),"** refers to ALLSTATE INDEMNITY COMPANY, its agents, representatives, employees and any other entity or person acting on its behalf.

B. **"Defendants" refers to ALLSTATE INDEMNITY COMPANY.**

C. **"Plaintiffs"** refer to the named Plaintiffs in the above-captioned suit.

D. **"The Property(ies)" or "property(ies)"** refers to the property or properties located at the address covered by the Policy.

E. **"The Policy(ies)" or "policy(ies)"** refers to the policy issued to Plaintiffs by the insurer and at issue in this lawsuit.

F. **"The Claim(s)" or "claim"** means the claim for insurance benefits submitted by Plaintiffs and at issue in this lawsuit, or in a prior claim, as the context may dictate.

G. **"Date of Loss"** refers to the date(s) of loss identified in Plaintiffs' live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

H. **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

I. **"Lawsuit"** refers to the above styled and captioned case.

J. **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

K. The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents.  In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other

copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders unintelligible without machine processing.

L. The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

M. The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

N. The terms **"identification," "identify,"** and **"identifying"** when used in reference to:

1. **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2. **Corporate Entities:** Means to state its full name and any other names under which it does business, its form or organization, its incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3. **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof and the persons responsible for making the decision as to such disposition;

4. **Communication**: Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place and substance of the communication; and

5. **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

O. The term **"Claim File"** means the claim files and "field file(s), " whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

P. The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiffs' Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT

Interrogatory No. 1:
Identify all persons answering or supplying any information in answering these interrogatories.

ANSWER:

Interrogatory No. 2:
Identify all persons who were involved in evaluating Plaintiffs' claims and provide the following information for each person you identify:

      a. Their name and job title(s) as of the Date of Loss;
      b. Their employer; and
      c. Description of their involvement with Plaintiffs' Claim.

ANSWER:

Interrogatory No. 3:
If you contend that the some or all of the damages to the Property were not covered loses under the Policy, describe:

      a. The scope, cause and origin of the damages you contend are not covered losses under the Policy; and
      b. The term(s) or exception(s) of the Policy you relied upon in support of your decision regarding the Claim.

ANSWER:

Interrogatory No. 4:
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

ANSWER:

Interrogatory No. 5:
If you contend that Plaintiffs did not provide you with requested information that was required to properly evaluate Plaintiffs' Claim, identify the information that was requested and not provided, and the dates you made those request(s).

ANSWER:

Interrogatory No. 6:
If you contend that Plaintiffs' acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

ANSWER:

Interrogatory No. 7:
If you contend that Plaintiffs failed to satisfy a condition precedent or covenant of the Policy in any way, stat the factual basis for your contention(s).

ANSWER:

Interrogatory No. 8:
Identify the date you first anticipated litigation.

ANSWER:

Interrogatory No. 9:
State the factual basis for each of your affirmative defenses.

ANSWER:

Interrogatory No. 10:
If you contend that Plaintiffs failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

ANSWER:

Interrogatory No. 11:
If you contend that Plaintiffs failed to mitigate damages, describe how Plaintiffs failed to do so, and identify any resulting prejudice.

ANSWER:

Interrogatory No. 12:
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

## REQUESTS F OR PRODUCTION TO DEFENDANT

1.  Please produce ALLSTATE INDEMNITY COMPANY' complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.  Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.  Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in their attempt to secure insurance on the Property, which is the subject of this suit.

4.  Please produce the electronic diary, including the electronic and paper notes made by ALLSTATE INDEMNITY COMPANY' claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiff's claim.

5.  Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.  Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7.  Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiffs' underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiffs or Plaintiffs' home, regardless of whether ALLSTATE INDEMNITY COMPANY intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiffs, not limited to physical or audio recordings of all conversations between Plaintiffs and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiffs by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of ALLSTATE INDEMNITY COMPANY and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between ALLSTATE INDEMNITY COMPANY and its assigned adjuster, and all correspondence between ALLSTATE INDEMNITY COMPANY and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

14. Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claim practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

15. Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

16. Produce all estimates, drafts of those estimates, reports or memoranda, including drafts of the same created for you or by any independent adjusters or adjusting firms in connection with the Claim.

17. Produce all documents you identified, referred to, or relied upon in answering Plaintiffs' interrogatories.

18. To the extent that you claim a privilege over any documents, please provide a privilege log in accordance with the Texas Rules of Civil Procedure.

**Request for Issuance of Service**

Received and E-Filed for Record
7/22/2019 4:54 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Beth Rogers

CASE NUMBER: 19-07-09963

CURRENT COURT:
Montgomery County - DC - County Court at Law #2

Name(s) of Documents to be served: Plaintiffs Original Petition with Written Discovery

**FILE DATE:** _____7/22/2019_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: ALLSTATE INDEMNITY COMPANY _____

Address of Service: 1999 Bryan Street, Suite 900UITE 900 _____

City, State & Zip: ___Dallas, Texas, 75201-3136 _____

Agent (if applicable) _C/O CT CORPORATION SYSTEM _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | |
|---|---|---|
| XX☐  Citation | ☐  Citation by Posting  ☐  Citation by Publication | ☐  Citations Rule 106 |
| Service ☐ Citation Scire Facias | Newspaper_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms or Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____   ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney  at:** _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

XX☐  **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Adrian Lira___ Phone: **832-209-7760**

☐  **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  _Eddie Lane__ Bar # or ID 24067719
_____

Mailing Address:__2900 North Loop West, Suite 850, Houston, Texas 77092 _____

Phone Number:_____(713) 955-3102 _____

# CITATION

**Cause Number: 19-07-09963**

| | |
|---|---|
| **Clerk of the Court** | **Attorney Requesting Service** |
| **Melisa Miller** | **Eddie R. Lane** |
| **P.O. Box 2985** | **2900 N Loop W Ste 850** |
| **Conroe, Texas 77305** | **Houston TX  77092** |

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

**To:     Allstate Indemnity Company**
**Registered Agent CT Corporation Systems**
**1999 Bryan ST**
**STE 900**
**Dallas TX  75201-3136**

**You are hereby commanded to appear by filing a written answer to the Plaintiffs' Original Petition with Written Discovery at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.**

**Said Plaintiffs' Original Petition with Written Discovery was filed in said court on this the 22nd day of July, 2019 numbered 19-07-09963 on the docket of said court, and styled, Rexie Perez, Besy Perez VS. Allstate Indemnity Company**

**The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiffs' Original Petition with Written Discovery accompanying this citation and made a part hereof.**

**The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.**

**Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of July, 2019.**

**Melisa Miller, District Clerk**
**Montgomery County, Texas**
f/c user: RR
**By:**  Issued 07/23/2019 16:08:05 _____
**Ryan Rendon, Deputy**

## OFFICER'S RETURN

**Cause No. 19-07-09963**   **Court No: County Court at Law #2**
**Style: Rexie Perez, Besy Perez VS. Allstate Indemnity Company**
**To:**   **Allstate Indemnity Company**
**Address:**  **Registered Agent CT Corporation Systems**
     **1999 Bryan ST**
     **STE 900**
     **Dallas TX 75201-3136**

**Came to hand the ___day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiffs' Original Petition with Written Discovery at the following times and places, to wit:**

**Name**     **Date/Time**    **Place, Course and distance from Courthouse**
_____  _____  _____

**Manner of service:** _____

**\*And not executed as to the defendants(s)** _____
**The diligence used in finding said defendant(s) being:**
_____

**And the cause of failure to execute this process is:**
_____

**And information received as to the whereabouts of said defendant(s) being:**
_____

**FEES:**
**Serving Petition and Copy $_____**

               _____**OFFICER**
**TOTAL**     **$_____**
             _____**County, Texas**
         **By:** _____, **Deputy**

**AFFIANT**
**Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.**

**A return signed under penalty of perjury must contain the statement below in substantially the following form:**
**My full name is** _____
**My date of birth is ___/___/____, and my address is**
_____**.**
**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**
**Executed in_____, County, State of _____, on the _____day of _____, 20____.**

_____
**Declarant/Authorized Process Server**
_____
**ID# & Exp. Of Certification**

_____
**Declarant/Authorized Process Server**
_____
**ID# & Exp. Of Certification**

**SWORN AND SUBSCRIBED ON**

_____
**DATE**

_____
**NOTARY**

Received and E-Filed for Record
7/30/2019 11:15 AM
Melisa Miller, District Clerk
54 Montgomery County, Texas
Deputy Clerk, Vanessa Medina

# CITATION

Cause Number: 19-07-09963

Clerk of the Court                           Attorney Requesting Service
Melisa Miller                                Eddie R. Lane
P.O. Box 2985                                2900 N Loop W Ste 850
Conroe, Texas 77305                          Houston TX  77092

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney
does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you.

To:   Allstate Indemnity Company
      Registered Agent CT Corporation Systems
      1999 Bryan ST
      STE 900
      Dallas TX  75201-3136

You are hereby commanded to appear by filing a written answer to the Plaintiffs' Original Petition with
Written Discovery at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the
date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas
at the Courthouse of said County in Conroe, Texas.

Said Plaintiffs' Original Petition with Written Discovery was filed in said court on this the 22nd day of July,
2019 numbered 19-07-09963 on the docket of said court, and styled, Rexie Perez, Besy Perez VS. Allstate
Indemnity Company

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiffs' Original
Petition with Written Discovery accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the
mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 23rd day of July, 2019.

                                        Melisa Miller, District Clerk
                                        Montgomery County, Texas

                                        By:_____
                                        Ryan Rendon, Deputy

Job 54177-1

# OFFICER'S RETURN

Cause No. 19-07-09963                    Court No: County Court at Law #2

Style: Rexie Perez, Besy Perez VS. Allstate Indemnity Company

To:      Allstate Indemnity Company

Address:   Registered Agent CT Corporation Systems
          1999 Bryan ST
          STE 900
          Dallas TX 75201-3136

Came to hand the 25TH day of July, 20 19, at 11:04 o'clock, and executed in Dallas County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiffs' Original Petition with Written Discovery at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|------|-----------|--------------------------------------------|
| AllState Indemnity Company c/o CT Corp | 7/29/19 9:48 AM | 1999 Bryan Street Dallas, Texas 75201 |

Manner of service:  Hand to Hand

*And not executed as to the defendants(s)  N/A

The diligence used in finding said defendant(s) being:  N/A

And the cause of failure to execute this process is:  N/A

And information received as to the whereabouts of said defendant(s) being:  N/A

FEES:

Serving Petition and Copy  $ N/A

TOTAL          $ N/A              OFFICER Affiant

                          Tarrant County, Texas

                    By:  N/A     ,Deputy

AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:

My full name is David Steele Shepherd

My date of birth is 6/19/1957, and my address is 5232 Apache Plume Rd Fort Worth Texas 76109.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Executed in Dallas, County, State of Texas, on the 29th day of July, 20 19.

Declarant/Authorized Process Server

PSC-12714 Exp 6/30/2020

ID# & Exp. Of Certification

Declarant/Authorized Process Server

PSC-12714    Exp. 6/30/2020

ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

July 29, 2019

DATE

Crystal Lynn Polovina

NOTARY

CRYSTAL POLOVINA
Notary ID #1295B3869
My Commission Expires
October 4, 2021

Received and E-Filed for Record
8/13/2019 9:28 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Vanessa Medina

CAUSE NO. 19-07-09963

| | |
|---|---|
| REXIE PEREZ AND BESY PEREZ, Plaintiffs | IN THE COUNTY COURT |
| VS. | |
| ALLSTATE INDEMNITY COMPANY Defendant | COUNTY COURT AT LAW NO. 2 |
| | MONTGOMERY COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE INDEMNITY COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiffs' Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiffs to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### SPECIFIC DENIALS

Plaintiffs' claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Plaintiffs failed to comply with certain conditions precedent to the policy prior to filing

Perez, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0472941848.1

Page 1 of 4

this lawsuit.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiffs disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendant, formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED,  Defendant prays that the Plaintiffs recover nothing

Perez, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0472941848.1

Page **2** of **4**

of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of

court, and for such other and further relief, both general and special, at law and in equity, to which

Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE INDEMNITY COMPANY

Perez, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0472941848.1

Page **3** of **4**

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on the 13th day of August, 2019, to:

Eddie Lane, Esq.
Perry & Shields LLP
2900 N Loop W Ste 850
Houston TX 77092                                          *VIA E-SERVE*

**KIMBERLY BLUM**

Perez, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0472941848.1                                                                      Page **4** of **4**

RECEIVED AND FILED
FOR RECORD
8.13.19 11:46 am
Melisa Miller, District Clerk
Montgomery County, Texas

CAUSE NO. 19-07-09963

| | | |
|---|---|---|
| **REXIE PEREZ; BESY PEREZ** | § | **IN THE COUNTY COURT** |
| | § | |
| **VS** | § | **AT LAW NUMBER TWO** |
| | § | |
| **ALLSTATE INDEMNITY COMPANY** | § | **MONTGOMERY COUNTY, TEXAS** |

## DOCKET CONTROL ORDER

It is ordered adjudged and decreed that the following deadlines shall apply to this case, said deadlines shall continue to be in effect upon any change in the trial date.  Any date that falls on a weekend or legal holiday (as determined by Montgomery County Commissioners Court) shall be moved to the next day.  Failure to appear as required for any docket will result in dismissal of the case with no further notice.  **MEDIATION BEFORE CALL-IN IS ORDERED**.

1.    75 DAYS PRIOR TO TRIAL          PLAINTIFF'S EXPERTS DISCLOSURE DEADLINE

2.    45 DAYS PRIOR TO TRIAL          DEFENDANT'S EXPERT DISCLOSURE DEADLINE

3.    15 DAYS PRIOR TO TRIAL          EXPERT CHALLENGES DEADLINE
                                       All objecting to qualifications must be filed and
                                       presented in oral hearing to the Court by this date.

4.    10 DAYS PRIOR TO TRIAL          SUMMARY JUDGMENT DEADLINE
                                       Must be presented to the Court by this date.

5.    TUESDAY PRIOR TO TRIAL          CALL IN ANNOUNCEMENT DOCKET
                                       All parties must contact the Court Administrator
                                       by telephone at 936.539.7832 to make trial
                                       announcements **by noon**.

6.    FRIDAY PRIOR TO TRIAL           PRE TRIAL CONFERENCE
                                       **ONLY THOSE PARTIES NOTIFIED BY THE COURT
                                       AFTER CALL IN DOCKET SHALL APPEAR**

   a.    If a jury fee has been paid, a proposed jury charge must be filed by this date.  The jury charge must be
         provided to the Court in electronic format.
   b.    All contested motions for continuance will be heard at this time.
   c.    All motions in limine must be in writing and will be heard at this time.  A separate proposed limine order
         must be filed with the motion.

11/18/2019 at 9:00 a.m.                     -TRIAL (Trials on call for two weeks)
                                            **ONLY THOSE PARTIES NOTIFIED BY THE COURT
                                            AT PRE-TRIAL CONFERENCE SHALL APPEAR**

Signed on this the 13th day of August, 2019.

_____
Judge Claudia Laird

Sent to:  281-715-3209; 877-684-4165